# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO CISNEROS-HEREDIA,<br><br>                          Plaintiff,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                         Defendant. | Criminal No. 07cr823 - IEG<br>Civil No. 08cv1964 - IEG<br><br>ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE |

     Petitioner Luis Alberto Cisneros-Heredia, appearing *pro se*, has filed a motion to reduce his sentence pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 3582. On December 8, 2008, the government filed an opposition, but petitioner failed to file a reply. After a review of the record and the parties' submissions, the Court **DENIES** petitioner's motion for the reasons set forth below.

## BACKGROUND

     On May 7, 2007, pursuant to a plea agreement, petitioner pled guilty to one misdemeanor count of illegal entry in violation of 8 U.S.C. § 1325 (count 1), and one felony count of Illegal Entry in violation of 8 U.S.C. § 1325 (count 2). In the plea agreement, petitioner acknowledged he had read the plea agreement, confirmed he had discussed the terms with defense counsel, and agreed he "fully understands its meaning and effect." (Resp. Opp., Ex.1 ¶ 15.) He stated he was "satisfied with the representation received," and requested immediate sentencing without the benefit of a presentence investigation and report. Id. at ¶¶ 9, 15. Petitioner also, "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence . . . ." Id. at ¶12.

1     At the change of plea hearing, the Court conducted the plea colloquy to ensure petitioner had
2 discussed the plea agreement with counsel, understood the terms of the agreement, and was making
3 the guilty plea knowingly and voluntarily. (Resp. Opp., Ex. 3 at 8.) Petitioner also confirmed he was
4 waiving his right to appeal if he received a sentence of no more than 30 months. Id. at 9. The Court
5 accepted petitioner's plea as knowing and voluntary. Id. at 13.

6     Petitioner filed the instant motion to reduce his sentence pursuant to 28 U.S.C. § 2255 and 28
7 U.S.C. § 3582 on October 22, 2008. The government filed its response on December 8, 2008.

8                                    **DISCUSSION**

9 i.     Parties' Arguments

10    Petitioner seeks a reduction of the sentence imposed based upon (1) violations of the Equal
11 Protection Clause of the Fourteenth Amendment; (2) a violation of the Due Process Clause of the Fifth
12 Amendment; (3) and a violation of the "Equal Rights Act" of 1964. (Doc. No. 17.) Specifically, he
13 contends a sentence reduction is necessary because, as an alien, he is ineligible for sentence reducing
14 drug programs, half-way house programs, or UNICOR employment. Id.

15    The government argues petitioner waived his right to collaterally attack his sentence when he
16 signed his plea agreement. Further the government argues petitioner's section 2255 is time-barred.
17 Finally, the government argues petitioner's claims fail on the merits.

18 ii.    Analysis

19    A knowing and voluntary waiver of a statutory right is enforceable. United States v. Navarro-
20 Botello, 912 F.3d 318, 321 (9th Cir. 1990). The right to request collateral review under 28 U.S.C.
21 §2255 is a statutory right that can be waived. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.
22 1993). Further, a 28 U.S.C. §3582 challenge may be waived by plea agreement. See Gutierrez v.
23 United States, 2009 WL 311133, at *1-2 (S.D. Cal. February 9, 2009); United States v. Johnson, 2007
24 WL 4208313, at *1 (N.D. Cal. November 27, 2007). In the instant case, it is undisputed the plea
25 agreement contained a waiver of collateral attack. See (Resp. Opp., Ex. 1 ¶ 12.)

26    A waiver of the right to appeal or collaterally attack a sentence must satisfy certain
27 requirements to be valid. First, Rule 11 of the Federal Rules of Criminal Procedure requires the Court
28 conduct a specific inquiry, which is designed to ensure the waiver was knowing and voluntary.

1  Navaro-Botello, 912 F.2d at 320.  Second, the waiver would not be valid if the Court imposed a

2  sentence that either violates the agreement or the law.  Id.  Third, the waiver does not "categorically

3  foreclose" a defendant from bringing an "ineffective assistance of counsel or involuntariness of waiver

4  claim."  Abarca, 985 F.2d at 1014.

5        The record of this case demonstrates the waiver was knowing and voluntary and that the Court

6  complied with Rule 11's requirements.  On May 7, 2007, the Court presided over petitioner's change

7  of plea hearing and conducted the full Rule 11 colloquy.  As part of this colloquy, petitioner stated he

8  understood the charges, knew the maximum possible sentence, and acknowledged he could receive

9  the maximum sentence for each count. (Resp. Opp., Ex. 3 at 4-5 and 8-9.)  In addition, petitioner's

10 attorney, James Brown, stated petitioner was competent to enter the guilty plea and confirmed he had

11 discussed the agreement with petitioner. (Resp. Opp., Ex. 3 at 6:1-8.) Petitioner confirmed he had

12 discussed the agreement with his attorney, understood the agreement, and wanted to plead guilty.

13 (Resp. Opp. Ex. 3 at 11:9 - 12:23.)  This Court finds the waiver was knowing and voluntary.

14       Furthermore, the 30-month sentence was in accordance with the plea agreement and does not

15 violate the law.  In the plea agreement, the government agreed to request a 30 month sentence

16 followed by one year of supervised release.  (Resp. Opp., Ex. 1 ¶ 9.)  At the change of plea hearing,

17 the Court adopted the proposed sentence and imposed 6 months of imprisonment for Count 1 to run

18 consecutive to 24 months of imprisonment for Count 2.  (Resp. Opp., Ex. 3 at 18:20 - 19:3.)  Further,

19 the sentence is lawful because the Court considered all the appropriate factors and found the sentences

20 for both counts to be within the applicable guideline ranges.  Id. at 18:2-19:14.

21       Finally, petitioner does not raise ineffective assistance of counsel or involuntariness claims.

22 Because the Court finds petitioner waived his right to collaterally attack his sentence under either 28

23 U.S.C. § 2255 or 28 U.S.C. § 3582, it need not discuss the government's time-barred arguments or

24 address petitioner's claims on the merits.  Therefore, the Court **DENIES** petitioner's motion.

25 **IT IS SO ORDERED.**

26 DATED:  February 17, 2009

27

                                      IRMA E. GONZALEZ, Chief Judge

28                                       United States District Court